IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ROGER COLLINS, | ) | |
| | ) | |
| Plaintiff, | ) | 8:16CV241 |
| | ) | |
| V. | ) | |
| | ) | |
| FBG CLEANING SERVICES, et al., | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| Defendants. | ) | |
| | ) | |

This matter is before the court on initial review of Plaintiff's Amended Complaint (Filing No. 7) pursuant to 28 U.S.C. § 1915(e).

## I. SUMMARY OF COMPLAINT

Plaintiff initiated this action on May 31, 2016. (Filing No. 1.) Plaintiff filed an Amended Complaint[1] on June 10, 2016, naming FBG Cleaning Services, "[T]errance (FBG/H.R. Manager)," Marco Garfias, and "Eli" as defendants. (Filing No. 7 at CM/ECF pp. 2-3.) Plaintiff alleges that Defendant FBG Cleaning Services is a company that provides cleaning services. Plaintiff claims he was employed by FBG from May 4, 2016 to May 15, 2016, and was paid at a rate of $11.00 per hour. Plaintiff alleges he worked 60 hours, but was only paid for 41.5 hours. He also maintains that he was not paid for three days of labor in retaliation for filing this suit.

## II. APPLICABLE STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a

---

[1] The Amended Complaint is the operative pleading in this case.

complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 569-70 (2007); *see also* Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" Topchian v. JPMorgan Chase Bank, N.A., 760 F.3d 843, 848 (8th Cir. 2014) (quoting Hopkins v. Saunders, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." Topchian, 760 F.3d at 849 (internal quotation marks and citations omitted).

### III. DISCUSSION

Liberally construed, Plaintiff brings this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and relevant state law to recover unpaid overtime compensation. The FLSA's overtime compensation requirements apply to (1) employees who are "engaged in commerce or in the production of goods in commerce" and (2) employees of an "enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207. The FLSA defines commerce as "trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof." 29 U.S.C. § 203(b).

Plaintiff has not sufficiently alleged an FLSA violation. The Amended Complaint

2

simply lists the nature of FBG's business as "cleaning services." (Filing No. 7 at CM/ECF p. 4). The Amended Complaint describes Plaintiff's job duties as "[j]anitorial, cleaning toilets, floors, operate scrub buffer, trash collector, compactor operator, washed garments from metal shop." (*Id.*) The allegations in the Amended Complaint do not contain sufficient facts to support an inference that Plaintiff was either engaged in commerce or that FBG is an enterprise engaged in commerce.

Moreover, the Amended Complaint names Marco Garfias and "Eli" as defendants. However, other than listing their names in the caption of the Amended Complaint, Plaintiff makes no allegations against these individuals. A complaint that only lists a defendant's name in the caption without alleging that the defendant was personally involved in the alleged misconduct fails to state a claim against that defendant. *Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003). *See also Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints"). Therefore, Plaintiff has failed to state a claim against Garfias and Eli.

Out of an abundance of caution, the court will provide Plaintiff an opportunity to file an amended complaint that states a claim upon which relief may be granted. Plaintiff shall file his amended complaint no later than September 2, 2016. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff.

IT IS THEREFORE ORDERED:

1. Plaintiff shall file an amended complaint asserting cognizable claims by September 2, 2016. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff.

3

2.  The clerk of the court is directed to set a pro se case management deadline using the following text: September 2, 2016, check for amended complaint.

DATED this 3rd day of August, 2016.

                                       BY THE COURT:

                                       s/ *Richard G. Kopf*
                                       Senior United States District Judge