IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ROGER COLLINS, | |
| Plaintiff, | 8:16CV241 |
| V. | |
| FBG CLEANING SERVICES, et al., | **MEMORANDUM AND ORDER** |
| Defendants. | |

This matter is before the court upon review of Plaintiff's Second Amended Complaint. (Filing No. 10.) For the reasons set forth below, this action will be dismissed.

## I. BACKGROUND

Plaintiff filed an Amended Complaint in this action, asserting claims under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*., and relevant state law. Upon initial review of Plaintiff's Amended Complaint, the court concluded that Plaintiff had not sufficiently alleged an FLSA violation. (Filing No. 9.) However, the court granted Plaintiff leave to file a second amended complaint.

## II. SUMMARY OF SECOND AMENDED COMPLAINT

Plaintiff's Second Amended Complaint alleges that Plaintiff was employed by Defendant FBG cleaning services on May 4, 2016, in a janitorial position. He claims that he was terminated on or about May 14, 2016 because of his race. He maintains that he complained "about discrimination following [his] termination, and due to [his] race, color and in retaliation for [his] complaint" to the Department of Labor, FBG withheld a portion of his wages from his final paycheck. (Filing No. 10.)

Plaintiff alleges that FGB sent his wages to the Department of Labor on June 21, 2016, and that the Department mailed his wages to him.

### III. DISCUSSION

Liberally construed, Plaintiff's Second Amended Complaint asserts claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e. Title VII forbids employment discrimination against "any individual" based on that individual's "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a).

Prior to filing a suit in federal court under Title VII, a plaintiff is required to exhaust his or her administrative remedies by first seeking relief through the Equal Employment Opportunity Commission ("EEOC") or the Nebraska Equal Opportunity Commission ("NEOC"). 42 U.S.C. § 2000e-5. The EEOC/NEOC will then investigate the charge and determine whether to file suit on behalf of the charging party or make a determination of no reasonable cause. If the EEOC/NEOC determines that there is no reasonable cause, the agency will then issue the charging party a right-to-sue notice. 42 U.S.C. § 2000e-5(b); *see also* Hanenburg v. Principal Mutual Life Insurance Company, 118 F.3d 570, 573 (8th Cir. 1997). The charging party has 90 days from the receipt of the right-to-sue notice to file a civil complaint based on his charge. 42 U.S.C. § 2000e-5(f)(1).

Plaintiff has not shown he exhausted his administrative remedies by attaching a right-to-sue notice to his Second Amended Complaint. Moreover, even if Plaintiff had submitted the notice, Plaintiff has failed to assert a plausible claim under Title VII. Plaintiff has pled nothing to support his allegation that he was terminated due to his race, or that his wages were withheld due to his race. Plaintiff's conclusory assertions in this regard do not support a Title VII claim.

Plaintiff's Second Amended Complaint also purports to assert a retaliation claim under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. To

make out a prima facie case of retaliation under the FLSA, an employee must show that (1) he participated in a statutorily-protected activity, (2) he experienced an adverse employment action, and (3) that a causal connection existed between the two. *Grey v. City of Oak Grove, Missouri*, 396 F.3d 1031, 1034-35 (8th Cir. 2005).

Plaintiff has failed to set forth a plausible FLSA claim. Plaintiff alleges that he was terminated on or about May 14, 2016. He claims that he received his final paycheck on June 2, 2016, but that he did not receive compensation for three-days of work. Thereafter, he filed a complaint with the Department of Labor about the unpaid wages. Plaintiff maintains that his wages were withheld because he filed a complaint with the Department of Labor, however, the sequence of events set forth in the Second Amended Complaint does not support this claim. Plaintiff was terminated and issued his final paycheck before he contacted the Department of Labor, and there is no allegation that Plaintiff complained about not receiving wages prior to his termination. In short, there is no indication that Plaintiff experienced an adverse employment action due to his grievance. Therefore, Plaintiff's FLSA claim will be dismissed.

IT IS THEREFORE ORDERED that this action is dismissed without prejudice. Judgment will be entered by separate document.

DATED this 8th day of December, 2016.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge